IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                                                             19-CR-6132EAW

AUSTIN PRATT,

          Defendant.

## STATEMENT OF THE GOVERNMENT WITH
## RESPECT TO SENTENCING FACTORS

**PLEASE TAKE NOTICE**, the government has fully reviewed the Pre-Sentence Investigation Report ("PSR") submitted by the United States Probation Department on or about December 7, 2020. The government's plea agreement calculations differ from those in the PSR due to two specific enhancements included in the PSR. The government will address those discrepancies in turn below.

## Maximum Penalties

On October 7, 2020, the defendant entered a plea of guilty to a violation of Title 18, United States Code, Section 2422(b) (Enticement of a Minor). Based upon his plea, the defendant faces a mandatory minimum sentence of 10 years imprisonment and a maximum possible sentence of life imprisonment, a maximum fine of $250,000, a mandatory $100 special assessment, and a term of supervised release of five (5) years to life. The plea agreement calculated the recommended guideline range to be either **292-365 months** (government calculation) or **151-188 months** (defense calculation). The parties reserved the

right to advocate for non-guidelines sentences.

## Specific Guideline Calculation

The government objects to the PSR's finding that the two-level enhancement for 2.G2.1(b)(3) applies. (PSR, paragraph 72). The facts in this case do not support that specific enhancement. The defendant here solicited the minor victim to send him images for his own personal viewing. He did not share or distribute them with anyone else. Application note 3 (2G2.1) is inapplicable here as the definition of "distribution" specifically states it "does *not* include the mere solicitation of such material by a defendant). (2G2.1, application note 1). Accordingly, that enhancement should not apply.

The government does not specifically object to the two-level enhancement for 2G2.1(b)(6)(B)(i). (PSR, paragraph 73). However, the inclusion of such enhancement would increase the adjusted offense level for the defendant. Accordingly, pursuant to *United States v. Lawlor*, (168 F.3d 633, (2d. Cir. 1999)) the government is bound to advocate for the guideline calculations set forth in the plea and is not asking that this enhancement be included by the Court.

Therefore, the government stands by the representations in the plea agreement that the recommended guideline range should be 292-365 months imprisonment.

**18 USC 3553(a) Factors**

Title 18, United States Code, Section 3553(a) requires that this Court "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2)." In determining the sentence, this Court must consider the following:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

  (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

  (B) to afford adequate deterrence to criminal conduct;

  (C) to protect the public from further crimes of the defendant; and

  (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

There is no disputing the severity of the defendant's conduct in this case. He took advantage of his position at a public school, (grades ranging from K-12) to engage in a sexual relationship with a 15-year-old student.

Parents should be able to send their children to school without worrying that the teachers or staff are a threat to their children's wellbeing. Parents should not have to worry that their teenager is suicidal because of something that happened to her while at school, in the care of someone they trusted. Unfortunately, this family will forever have to worry about the damage caused to all of their children as a result of the defendant's actions.

The victim's letter explains the impact the defendant had on her. He destroyed her self-worth and exposed her to bullying that made her a shell of who she once was. The guilt and shame she placed on herself almost destroyed her; she is only now gaining her confidence back. But it's clear, she will never be the same.

The defendant may not have intended to cause this type of pain to the victim; but he did. And, there must be significant consequences for these actions. The government acknowledges there is a mandatory minimum term of imprisonment that will ensure the defendant will have a lengthy prison sentence. The government is asking that the Court sentence the defendant to a lengthy term of imprisonment that will promote respect for the law, deter others from engaging in this type of crime and reflect the seriousness of this crime.

## **Financial Obligations**

At the time of this filing, the victim has not made a request for restitution. The defendant is required to pay a $100 special assessment pursuant to 18 U.S.C. §3013 at the time of sentencing as well as a $5,000 assessment pursuant to the Victims of Trafficking Act of 2015. Immediately after sentencing, the defendant must pay the amount due by personal check, cashier's check or certified funds to the United States District Court Clerk.

It is requested that the Court order that all financial obligations be due immediately. In the event the defendant lacks the ability to immediately pay the financial obligations in

full, it is requested that the Court set a schedule for payment of the obligations.

In the event present counsel for the defendant will continue to represent the defendant after sentencing in regard to the collection of unpaid financial obligation(s), it is requested that a letter so advising be sent to:

> Asset Recovery Division
> U.S. Attorney's Office WDNY
> 138 Delaware Avenue
> Buffalo, New York 14202

If a letter is not received within 10 days of sentencing, the defendant will be directly contacted regarding collection of the financial obligation(s).

## Conclusion

In accordance with the plea agreement, the government is requesting the Court impose a sentence of imprisonment that accounts for the 3553(a) sentencing factors and demonstrates the seriousness of the offense.

DATED:   March 1, 2021

> JAMES P. KENNEDY, JR.
> United States Attorney
> Western District of New York
>
> By:   s/MELISSA M. MARANGOLA
> Assistant U.S. Attorney
> United States Attorney's Office
> 100 State Street, Room 500
> Rochester, New York 14614
> 585/399-3925

TO:   Hon. Elizabeth A. Wolford (via ECF)
James Riotto, Esq. (via ECF)
Jessica Rider, USPO (via email)